UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CYNTHIA S. HILL**, *et al.*, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 13-cv-1 (TSC) |
| **HON. VINCENT GRAY**, *et al.*, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Frederick Coles, III has filed a motion to enforce an attorney's charging lien against Plaintiff Cynthia S. Hill. (ECF No. 84, Coles Mot. to Enf. Charging Lien.) Coles withdrew as counsel for Hill before she reached a settlement with the District of Columbia and subsequently demanded attorney's fees from her. For the reasons set forth below, the court will DENY Coles' motion.

## I.  BACKGROUND

Coles was retained by Hill, a former public-school teacher, and four other plaintiffs in January 2015 to represent them in an age discrimination action against the District of Columbia. The case stemmed from the dismissal of Hill and her co-plaintiffs—all over forty years old—as part of the District of Columbia Public Schools 2009 Reduction-in-Force ("RIF"). The RIF occurred before Hill was entitled to collect her full pension.

Attorney John Mercer represented Hill for several years while she exhausted her administrative remedies and ultimately filed the Complaint in this case in January 2013. Mercer continued to represent Hill as she filed an Amended Complaint and successfully opposed Defendants' motion to dismiss.

1

Two years later, in January 2015, Hill and her remaining co-plaintiffs retained Coles as replacement counsel, after Mercer withdrew for health reasons. At that time, Hill paid Coles a $6,000 retainer and agreed to a one-third contingent fee of any cash settlement or judgment collected. (Coles Mot. to Enf. Charging Lien, Ex. A, Fee Agreement ¶ 1(a).)

Coles represented Hill and the other plaintiffs until early March 2017, during which time he conducted discovery, but did not file or defend any dispositive motions. On March 6, 2017, Hill and the District of Columbia entered into mediation before Magistrate Judge Harvey. During mediation discussions, a dispute arose between Coles and Hill that led Coles to orally move to withdraw as to Hill during a March 13, 2017 status hearing before this court.

Although Coles continued to represent the remaining plaintiffs, this court granted his motion to withdraw as to Hill. In reaching its decision, the court noted that Judge Harvey had indicated he viewed the dispute between Coles and Hill as a conflict and understood the need for the withdrawal. (ECF No. 83, 3/13/17 Tr. at 3.) The court subsequently appointed Justin Guilder as *pro bono* counsel for Hill on May 5, 2017.

Several weeks later, Coles sent Guilder and counsel for the District a letter providing formal notification that he was entitled to perfect an attorney's lien and asking that the recipients "countersign this letter thereby acknowledging that [they] will protect the lien." (Coles Mot. to Enf. Charging Lien, Ex. C.) When neither party responded, Coles re-sent a nearly identical letter on July 25, 2017, this time copying Judge Harvey by email.[1] (Coles Mot. to Enf. Charging Lien, Ex. D.) The parties did not respond.

---

[1] LCvR5.1(a) prohibits correspondence directed by the parties or their attorneys to a judge except when requested by the judge. To the extent that Coles wished to apprise Judge Harvey of the lien, Coles should have done so by motion or by filing a notice on the docket.

In September and October 2017, Hill and Coles exchanged emails about a possible settlement with respect to the attorney's lien issue, but failed to reach an agreement. (*See* ECF No. 85, Hill Opp. to Mot. to Enf. Charging Lien, Ex. 3.) Guilder continued to represent Hill during mediation and, on December 22, 2017, Coles filed the attorney's lien motion, "seeking one third of the amount of the lump sum payment/deposit by the District into the Teachers [sic] Retirement Account on behalf of Plaintiff Hill" minus the $6,000 retainer fee. (Coles Mot. to Enf. Charging Lien, Coles Decl. ¶ 12.) Guilder filed a response on behalf of Hill opposing the motion. (Hill Opp. to Mot. to Enf. Charging Lien).

Several months later, during a June 19, 2018 mediation, the District of Columbia agreed to pay Hill a $140,000 settlement and the District of Columbia deposited one third of that settlement, $46,666, in the court's registry to pay the lien should the court grant Coles' motion. (*See* ECF Nos. 93, 94; 12/6/18 ECF entry.) On November 19, 2018, this court ordered Coles and Hill to file a joint status report updating the court regarding any negotiations over the attorney's fee issue. (10/18/19 Min. Order.) Guilder notified the court, on Hill's behalf, that she was willing to mediate the matter, but Coles refused. (ECF No. 95, 11/02/18 Joint Status Report.)

## II. LEGAL STANDARD

"The existence and effect of an attorney's lien is governed by the law of the place in which the contract between the attorney and client is to be performed." *Peterson v. Islamic Republic of Iran*, 220 F. Supp. 3d 98, 104 (D.D.C. 2016) (citing 7 Am. Jur. 2d *Attorneys at Law* § 351 (1980)). Because Coles performed legal services on Hill's behalf in the District of Columbia, the law of that jurisdiction governs this dispute.

## III.　ANALYSIS

### A. *Pro Bono* Counsel

Guilder's representation as *pro bono* counsel for Hill is governed by the court's "Guidelines for Court-Appointed Mediation Counsel" ("Guidelines"). (*See* ECF No. 78, Guidelines.) Paragraph 7 of the Guidelines provides that "[i]n the event the mediation is not successful in resolving the case, then within 30 days after the termination of the mediation process" counsel should either withdraw his appearance or enter his appearance as counsel of record for his client. (*Id.* ¶ 7.)

Interpreting Paragraph 7, Coles argues in the joint status report that Guilder had no authority to file papers on Hill's behalf opposing the fee motion and asks the court to strike Guilder's response. Coles asserts that because more than thirty days have passed since Hill settled her claims against the District,[2] Paragraph 7 prohibits Guilder's continued representation of Hill in what Coles describes as "a post-settlement/post-judgment matter that is beyond the scope and parameters of [the] mediation process as defined and set forth in the Guidelines." (11/02/18 Joint Status Report at 2.)

The court declines to strike Guilder's response. Paragraph 7 applies to instances where "mediation is not successful," (Guidelines ¶ 7), which is not the case here. Moreover, while Paragraph 1 of the Guidelines provides that counsel will be "appointed for the limited purpose of representing [his] client during the process of mediation," (*id.* ¶ 1), there is no provision that requires counsel to withdraw after a <u>successful</u> mediation. In addition, the Guidelines

---

[2] It appears that Coles is referring to the time between the settlement and the filing of the Joint Status Report. He cannot be referring to the time between the settlement and the filing of Guilder's opposition brief, because that brief was filed more than five months <u>before</u> Hill settled her claim with the District.

4

contemplate that some motion practice might arise during the mediation process and, while participation in such practice is not mandatory, it is not prohibited.  (*See id.* ¶ 4) ("As appointed mediation counsel, you are under no duty to engage in discovery or motions practice.")  Thus, although Guilder was not required to continue his representation during the briefing of the fee motion, the court commends him for doing so.  Striking the opposition brief he filed on Hill's behalf would thwart the purposes behind appointing *pro bono* counsel, and the court rejects Coles' request to do so.

## B. <u>Attorney's Lien</u>

In the District of Columbia, "compensation paid to attorneys for legal services is largely a question of fundamental fairness."  *Connelly v. Swick & Shapiro, P.C.*, 749 A.2d 1264, 1267 (D.C. 2000).  An attorney whose withdrawal is not voluntary—i.e. who is discharged by his client—has a right "to recover his agreed upon contingent fee" if he has substantially performed under the agreement for legal services.  *Green v. Louis Fireison & Assoc.*, 618 A.2d 185, 190 (D.C. 1992).  However, an attorney who "withdraws from a case before his services have been performed" loses his right to compensation unless his withdrawal is justified.  *Fletcher v. Krise*, 120 F.2d 809, 810 (D.C. Cir. 1941).  Thus, to determine whether Coles is entitled to satisfaction of his lien, the court must determine whether he withdrew voluntarily and, if so, whether his withdrawal was justified.

### 1. <u>Voluntariness</u>

Coles contends that because the court granted his motion to withdraw, his withdrawal was involuntary.  The court disagrees.  There is no evidence that Coles was discharged or threatened with discharge.  Instead, the record establishes that he voluntarily sought to withdraw from the case, and the court's decision to grant his motion to withdraw does not change the

5

voluntary nature of his actions. *C.f.*, *Kaushiva v. Hutter*, 454 A.2d 1373, 1374 (D.C. 1983) (finding that an attorney was entitled to the full amount of his fee when he was discharged without cause and thus "prevented by his client from completing performance"); *see Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 662 (5th Cir. 1996) (explaining that "whether and how to compensate an attorney when a contingent fee contract is prematurely terminated depends on whether the attorney was discharged, withdrew with the consent of the client, or withdrew voluntarily without consent").

2. Justification

An attorney who voluntarily withdraws "bears the burden to show that his withdrawal was justified." *Cobell v. Jewell*, 234 F. Supp. 3d 126, 158 (D.D.C. 2017) (citing Robert L. Rossi, *Attorneys' Fees* (3d ed.) § 3:8 n.5). Withdrawal is justified when "continued representation is impossible due to forces beyond the attorney's control, as when withdrawal is necessary because of ethical or financial imperatives," such as nonpayment. *Cobell*, 234 F. Supp. 3d at 162 (quoting *Augustson*, 76 F.3d at 663) (quotation marks omitted). A successful motion to withdraw does not necessarily constitute justification for the purpose of recovering attorney's fees. *See Attorneys' Fees* § 3:8 n.4 (collecting cases) (explaining that "court approval of the attorney's withdrawal [does not] necessarily [indicate] that there was justifiable cause for the withdrawal so as to entitle the attorney to compensation"); *Estate of Falco v. Decker*, 188 Cal. App. 3d 1004, 1014 (1987) (rejecting appellants' argument that "once a trial court grants an attorney's motion to withdraw, cause for withdrawal has been established for the purpose of awarding attorneys' fees"). Disagreements about settlement strategy likewise do not justify withdrawal for the purposes of recovering fees from the client. *See Attorneys' Fees* § 3:8 n.15 (collecting cases) ("It has frequently been held that the refusal to accept a settlement obtained by

6

one's attorney does not warrant the attorney withdrawing from the case and retaining entitlement to compensation."); *Augustson*, 76 F.3d at 663 ("[T]he cases are in almost universal agreement [ ] that failure of the client to accept a settlement offer does not constitute just cause for the withdrawing attorney to collect fees.") (citations omitted).

Coles argues that he was justified in withdrawing because he encountered an "ethical" conflict of interest. (Coles Mot. to Enf. Charging Lien at 2.) He notes that, during mediation, "Magistrate Judge Harvey observed the development of the conflict of interest and the inability of the parties, counsel or mediator to resolve same." (Coles Mot. to Enf. Charging Lien, Coles Decl. ¶ 5.)

Counsel for Hill counters that Coles' withdrawal was not justified because no ethical conflict of interest existed. (Hill Opp. to Mot. to Enf. Charging Lien at 2, 7.) Guilder correctly points out that Coles has not explained the nature of the purported "conflict of interest" or cited to any ethics rule that prevented him from continuing to represent Hill. (*Id*.)

In his response, Coles still fails to explain the nature of the conflict or cite evidence that might support his position. Instead, he makes the conclusory argument that "an actual conflict of interest necessitated the withdrawal so as not to run afoul of the ethic [sic] rules that govern the practice of law," and the court recognized the existence of this conflict by granting his motion to withdraw. (ECF No. 87, Coles Reply in Supp. of Mot. to Enf. Charging Lien at 2.)

Coles has not provided sufficient evidence to establish that an ethical conflict of interest justified his withdrawal. Although this court was aware that a "conflict" arose during mediation, this court was not privy to the discussions Coles had with Judge Harvey or any other details regarding what occurred during mediation. Thus, there is no basis upon which to argue that this court recognized the existence of an "ethical" conflict when the court granted Coles' motion to

withdraw. A successful withdrawal motion does not, on its own, provide sufficient justification to collect fees. *See Estate of Falco*, 188 Cal. App. 3d at 1014 (explaining that a successful withdrawal motion does not establish justification for the purpose of awarding attorney's fees).

Likewise, disagreement over settlement strategy is not enough to justify an award of fees. *See Augustson*, 76 F.3d at 663 (explaining that a client's failure to accept a settlement offer does not constitute justification for the withdrawing attorney to collect fees.). Yet, Coles' reply brief indicates that such a disagreement prompted him to withdraw, explaining that

> it was the conduct of Plaintiff Hill, during the course of the court ordered mediation, that brought about the conflict of interest. Without divulging the exact statements of Plaintiff Hill, she sought to only advance a settlement position during the mediation which lacked both legal and factual support. Even despite the urgings of Magistrate Judge Harvey, Plaintiff Hill refused to budge from such position or even advise the undersigned or Magistrate Judge Harvey of any alternative position when repeatedly asked to provide same and such stance caused the conflict of interest and stalemated the mediation.

(Coles Reply in Supp. of Mot. to Enf. Charging Lien at 2.)

This explanation is inadequate to meet Cole's burden of establishing that his withdrawal was justified. As noted above, if he and Hill simply disagreed over settlement strategy, then his withdrawal was unjustified and he is not entitled to collect fees. *See Augustson*, 76 F.3d at 663. If, on the other hand, "continued representation [wa]s impossible due to . . . ethical . . . imperatives," *Cobell*, 234 F. Supp. 3d at 162 (quotation marks omitted), then Coles had an obligation to provide evidence of the ethical dilemma he faced. In the absence of such evidence, Coles has not met his burden of establishing that his withdrawal was justified.

8

## IV. CONCLUSION

Because Coles withdrew voluntarily and has failed to establish that his withdrawal was justified, he is not entitled to additional compensation beyond the $6,000 retainer fee he collected. Accordingly, the court will deny his motion.[3]

Date: September 3, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[3] Guilder, on Hill's behalf, asks the court to strike Coles' motion and order Coles to return Hill's $6,000 retainer. (Hill Opp. to Mot. to Enf. Charging Lien at 10.) However, the issue of the retainer is not before this court because there is no pending motion seeking return of the retainer. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.") Moreover, it is undisputed that Coles performed legal services for Hill and therefore it is unclear what legal authority would support return of the full retainer.